Filed 4/17/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

LAWRENCE PASTERNACK,

    Plaintiff and Appellant,

v.

THOMAS B. McCULLOUGH, JR. et al.,

    Defendants and Respondents.

E057790

(Super.Ct.No. INC1205224)

O P I N I O N

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge. Affirmed.

Hatton, Petrie & Stackler, Gregory M. Hatton, Arthur R. Petrie II, and John A. McMahon for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Roy G. Weatherup and Bartley L. Becker for Defendants and Respondents.

1

## I.  INTRODUCTION

Plaintiff and appellant Lawrence Pasternack appeals from an order granting the special motion to strike (Code Civ. Proc., § 425.16)[1] his present complaint for malicious prosecution against an attorney and his law firm, defendants and respondents Thomas B. McCullough, Jr. and Thomas B. McCullough, Jr., A Professional Corporation (the McCullough defendants).  We affirm.

The parties agree the complaint is based on protected speech and petitioning activity.  (§ 425.16, subd. (e); *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735 [litigation is protected speech and petitioning activity].)  They dispute whether the underlying action was terminated in favor of Pasternack (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 845 ["It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor"]), and thus whether Pasternack met his burden of stating and substantiating the favorable termination element of his malicious prosecution claim.

The court concluded, and we agree, that Pasternack did not and could not prove the favorable termination element of his malicious prosecution claim.  When Pasternack filed his malicious prosecution complaint, and when the special motion to strike was heard, he was still pursuing a cross-complaint in the underlying action against some of

---

[1]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

the same defendants he claimed maliciously filed the complaint in the underlying action. Thus, Pasternack's malicious prosecution complaint was premature, as a matter of law.

## II.  BACKGROUND

A. *The Underlying Action (Riverside County Superior Court (RCSC) Case No. INC065760)*

In October 2006, Pasternack agreed to purchase a luxury custom home in Palm Desert from Vision West Investments, LLC (VWI), a developer, for $7.065 million. Easton Builders Corporation (Easton), a general contractor, built the home for VWI. Curtis Dunham and David McFarland, both licensed contractors, were the sole owners of VWI, and Dunham was the sole owner of Easton.  The purchase and sale agreement required VWI to build an additional bedroom on one side of the home for $65,000 of the $7.065 million purchase price.  At the close of escrow on November 9, 2006, Pasternack paid VWI $7 million for the home; $65,000 was to be retained in escrow pending completion of the additional bedroom.  VWI hired Easton to build the bedroom, and VWI claimed the bedroom was completed "in a satisfactory and workmanlike manner" in February 2007.

Within weeks after the escrow closed in November 2006, Pasternack complained to Dunham and McFarland "about minor defects becoming apparent in the house" and asked that VWI repair the defects.  VWI sent a construction crew to the property, but the crew did not make the necessary repairs.  After the crew left, Pasternack discovered that tools were missing from his garage and valuable wine was missing from his wine room.

3

He told VWI not to return to his property and he would hire his own contractors to make the necessary repairs. By March 2007, Pasternack hired contractors, engineers, and surveyors who identified "significant additional construction defects" in the home along with "multiple encroachments" of the home onto adjoining lots and "into setbacks required by law."

Pasternack was rarely in the home between November 2006 and March 2007, and during that time spent only two nights there. In February 2007, Southern California Gas Company sent a bill to Easton, at the home, for $3,600.42. The bill, due in March 2007, was extraordinarily high—around 20 times the baseline amount—apparently because an uncapped gas line installed by Easton allowed gas to leak outdoors in the pool and spa area. Meanwhile, the escrow company, Sundance Escrow, did not release the $65,000 sum to VWI for the bedroom addition.

On March 20, 2007, McCullough, representing VWI and Easton, filed suit against Pasternack and Sundance Escrow in the underlying action, RCSC case No. INC065760. In the first and second causes of action, VWI sued Pasternack for breach of the purchase agreement and account stated. In a third cause of action, Easton sued Pasternack for "money had and received" to collect $3,600.42 for the gas bill Easton paid, allegedly on behalf of Pasternack. In a fourth cause of action, VWI sued Sundance Escrow for breaching the escrow agreement by refusing to release the $65,000 sum to VWI for the bedroom addition. In the same action, Pasternack cross-complained against VWI for beach of the purchase and sale agreement and rescission. In a separate action (RCSC

4

case No. INC10009154), Pasternack sued Easton and others for fraudulently concealing construction defects in the home, but the separate action was later consolidated with the underlying action.

In January 2009, VWI dismissed its causes of action against Pasternack and Sundance Escrow, leaving Easton's third cause of action for the $3,600.42 gas bill pending against Pasternack on the complaint in the underlying action.[2]  In March 2012, Easton's $3,600.42 collection claim was bifurcated from Pasternack's cross-complaint, tried separately to the court, and adjudicated in favor of Pasternack.  No judgment was entered in favor of Pasternack on the collection claim, because Pasternack's cross-complaint against Easton was still pending.[3]

---

[2]  On January 14, 2009, shortly after VWI dismissed its first, second, and fourth causes of action in the underlying action, Pasternack sued VWI for malicious prosecution in Los Angeles County Superior Court case No. BC405635, alleging VWI's claims against Pasternack in the underlying action were filed maliciously and without probable cause.  In an unpublished decision in Los Angeles County Superior Court case No. BC405635, *Pasternack v. Vision West Investments, LLC* (Sept. 16, 2010, B217188) ___ Cal.App.4th ___ [2010 Cal.App. Lexis 8264], the Second District Court of Appeal, Division Five, affirmed an order denying VWI's special motion to strike Pasternack's malicious prosecution complaint against VWI, finding Pasternack met his burden of stating and substantiating each element of his malicious prosecution claim against VWI. The Los Angeles County malicious prosecution case was later transferred to Riverside County and became RCSC case No. INC1201882.)

[3]  In a March 14, 2012, minute order, the trial court in the underlying action wrote: "Because there remain causes of action between Lawrence Pasternack and [Easton] set for trial . . . a final judgment between the Pasternacks and Easton cannot be entered at this time—therefore this order adjudicating [Easton's] third cause of action in favor of the Pasternacks shall be carried into and shall become part of any final judgment subsequently entered in this case."

B. *Pasternack's Present Malicious Prosecution Complaint*

In July 2012, with his cross-complaint against Easton pending in the underlying action, Pasternack sued Easton, Dunham, and the McCullough defendants in the present action for malicious prosecution, alleging Easton's $3,600.42 collection claim was filed maliciously, without probable cause, and for the sole purpose of extracting a general release of Pasternack's (then unfiled but threatened) construction defect-related claims against Easton and Dunham, among others. The McCullough defendants, represented by one firm, and Easton and Dunham, represented by separate counsel, demurred to the complaint and filed special motions to strike. The court granted Easton and Dunham's demurrer and, following a subsequent hearing, granted both special motions to strike and denied the McCullough defendants' demurrer as moot.[4] The court thus dismissed Pasternack's present complaint for malicious prosecution.

In granting the special motions to strike, the court ruled the malicious prosecution complaint was based on protected speech and petitioning activity (§ 425.16, subds. (b)(1), (e)), but was premature—notwithstanding the court's interim order adjudicating Easton's collection claim in favor of Pasternack—because Pasternack's cross-complaint against Easton was pending when Pasternack filed his malicious prosecution complaint. Thus,

---

**4** Easton and Dunham were awarded $4,203 in attorney fees for prevailing on their special motion to strike. (§ 425.26, subd. (c)(1).)

6

the underlying action had not terminated in favor of Pasternack when he filed his malicious prosecution complaint.[5]

Pasternack appealed the trial court's orders. While the appeals were pending, Pasternack settled his cross-complaint against Easton in the underlying action along with his malicious prosecution claims against Easton and Dunham in the present action,[6] and abandoned his appeal as to Easton and Dunham. On this appeal, Pasternack challenges

---

[5] In their demurrer and motion to strike, Easton and Dunham argued the present malicious prosecution action was premature because it was filed when Pasternack's cross-complaint against Easton was still pending. As Pasternack points out, the McCollough defendants did not raise this argument in their motion papers, but at the hearing on the special motion to strike, counsel for the McCullough defendants reminded the court that their motion was based on the pleadings and records on file, including Easton and Dunham's demurrer and special motion to strike, and asked the court to consider the prematurity argument in ruling on the McCullough defendants' special motion to strike.

[6] On August 9, 2013, Pasternack filed a motion asking this court to take judicial notice of court records in the underlying action, RCSC case No. INC065760. (Evid. Code, §§ 452, subd. (d), 459.) The request is unopposed, we grant it, and take judicial notice of the submitted records, namely, dismissals, with prejudice, filed on April 4, 2013, of Pasternack's cross-complaint against Easton and separate cross-complaint against Dunham; a March 12, 2013, minute order granting McFarland's motion to sever a cross-complaint by *Easton,* for purposes of trial, from other cross-complaints; a February 19, 2013, minute order granting Easton and Dunham's motion for good faith settlement of Pasternack's cross-complaints against them; and Easton and Dunham's underlying motion for good faith settlement, filed on February 5, 2013. The motion for good faith settlement indicates that Pasternack agreed to settle all of his claims against Easton and Dunham in the underlying action, the consolidated action, and in RCSC case No. INC1201882, formerly Los Angeles County Superior Court case No. BC405365, in exchange for their payment to Pasternack of $2.25 million, plus 50 percent of all "future net recoveries by Easton or its insurer against the remaining unsettled subcontractor Cross-Defendants . . . ." Easton and Dunham also agreed to waive their $4,203 attorney fee award for prevailing on their anti-SLAPP motion in the present case.

7

the order striking his malicious prosecution complaint against the McCullough

defendants only.

## III.  DISCUSSION

A special motion to strike triggers a two-stage inquiry:  "'First, the court decides

whether the defendant has made a threshold showing that the challenged cause of action

is one arising from protected activity.  The moving defendant's burden is to demonstrate

that the act or acts of which the plaintiff complains were taken "in furtherance of the

[defendant]'s right of petition or free speech . . . ."  (§ 425.16, subd. (b)(1).)  [Second,]

[i]f the court finds such a showing has been made, it then determines whether the plaintiff

has demonstrated a probability of prevailing on the claim. . . .'  [Citations.]"  (*Drummond*

*v. Desmarais* (2009) 176 Cal.App.4th 439, 448-449 (*Drummond*).)

"A plaintiff establishes the requisite probability of success by '"stat[ing] and

substantiat[ing] a legally sufficient claim."'  [Citation.]"  (*Drummond, supra,* 176

Cal.App.45th at p. 449.)  "'Put another way, the plaintiff "must demonstrate that the

complaint is both legally sufficient and supported by a sufficient prima facie showing of

facts to sustain a favorable judgment if the evidence submitted by the plaintiff is

credited."'  [Citation.]"  (*Jarrow Formulas, Inc. v. LaMarche, supra*, 31 Cal.4th at p. 741,

fn. omitted.)  "'In deciding the question of potential merit, the trial court considers the

pleadings and evidentiary submissions of both the plaintiff and the defendant [citation];

though the court does not *weigh* the credibility or comparative probative strength of

competing evidence, it should grant the motion if, as a matter of law, the defendant's

8

evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.' [Citation.]" (*Id.* at p. 741, fn. 10.)

A complaint for malicious prosecution is necessarily based on protected speech and petitioning activity. (*Jarrow Formulas, Inc. v. LaMarche, supra,* 31 Cal.4th at pp. 734-735 [a malicious prosecution action falls within purview of anti-SLAPP statute because it arises from protected activity, i.e., the filing and prosecution of the underlying lawsuit said to be malicious].) Here, the parties dispute only whether the underlying action was terminated in favor of Pasternack, an essential element of Pasternack's malicious prosecution claim against the McCullough defendants. (*Babb v. Superior Court*, *supra,* 3 Cal.3d at p. 845.) Thus, Pasternack and the McCullough defendants dispute whether Pasternack met his burden on the second step of the anti-SLAPP inquiry of stating and substantiating the favorable termination element of his malicious prosecution claim against the McCullough defendants.

A cause of action for malicious prosecution consists of "'(a) the institution of an action at the direction of the defendant . . . (b) without probable cause and (c) with malice, (d) termination of the initial action favorably to the plaintiff . . . , and (e) resulting damage.' [Citations.]" (*Drummond, supra,* 176 Cal.App.4th at p. 449.) "Favorable termination 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.' [Citation.]" (*StaffPro, Inc. v. Elite Show Services, Inc.* (2006) 136 Cal.App.4th 1392, 1400.) "The termination must '"reflect on the merits,"' and be such that it 'tended to indicate [the former defendant's] innocence of or lack of responsibility

9

for the alleged misconduct.'" (*Drummond, supra,* at p. 450.) Indeed, "'[t]he requirement of favorable termination confirms the plaintiff's innocence, serves to forestall unfounded claims *and prevent inconsistent judgments*, and facilitates proof of other elements of the tort.' [Citations.]" (*Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, 673, italics added; *Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 892-894.)

Pasternack should be deemed to have satisfied the favorable termination element of his malicious prosecution complaint against the McCullough defendants. He points out that Easton's $3,600.42 collection claim, upon which his complaint for malicious prosecution is based, was severed from his cross-complaint against Easton, VWI, and others, tried separately, and adjudicated in favor of Pasternack. But Pasternack cites no authority, and we have found none, that allows a party to bring a malicious prosecution action based on a single claim adjudicated in the party's favor while the party pursues related claims by way of a cross-complaint in the underlying action.

"To determine whether a party has received a favorable termination, we consider "'the judgment as a whole in the prior action . . . .'"" (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 741; *Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 342; *Crowley v. Katleman* (1994) 8 Cal.4th 666, 684-685; *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1530.) And "[w]here, as here, the action as a whole is still pending, it is of no consequence whether a single cause of action has been determined in [the malicious prosecution plaintiff's] favor, as an action for malicious prosecution must await a

favorable termination of the *entire proceeding.*" (*Jenkins v. Pope* (1990) 217 Cal.App.3d 1292, 1299, italics added, fn. omitted; *Rich v. Siegel* (1970) 7 Cal.App.3d 465, 469 ["[s]o long as the action is still pending, there has been no *favorable termination*, and a malicious prosecution suit will not lie."].)

As Pasternack points out, no case has squarely held that the favorable termination element requires a judgment to be entered in favor of the malicious prosecution plaintiff in the underlying action. (See, e.g., *Robbins v. Blecher, supra,* 52 Cal.App.4th at pp. 891-893 [voluntary dismissal supports favorable termination when the reasons for the dismissal reflect adversely on the merit of the case].) But it is clear that "a cause of action for malicious prosecution *accrues* upon entry of judgment in the underlying action . . . ." (*Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC, supra,* 225 Cal.App.4th at pp. 667-668, italics added [addressing applicable limitations period for malicious prosecution claim].) It is also clear that a malicious prosecution action will not lie, and is deemed premature, *while* an appeal from the judgment in the underlying action is pending. (*Id.* at p. 668; *Drummond, supra,* 176 Cal.App.4th at pp. 457-458 ["So long as the appeal is pending, the plaintiff cannot truthfully allege a *termination* of the action, and a malicious prosecution action is 'premature.'"].)

Further, we believe the weight of authority is firmly against allowing a party, such as Pasternack, to commence a malicious prosecution action against any party, based on a severed and favorably adjudicated claim, while the party pursues other claims in the underlying action. (See, e.g., *Babb v. Superior Court, supra,* 3 Cal.3d at p. 846

11

[defendant in civil action may not file a cross-complaint seeking a judgment declaring the action is being maliciously prosecuted].)  At the very least, allowing a party to pursue an action for malicious prosecution while the party continues to pursue other claims in the underlying action risks inconsistent judgments in the underlying and malicious prosecution actions.  As noted, "'[t]he requirement of favorable termination *confirms* the plaintiff's innocence, serves to *forestall* unfounded claims *and prevent inconsistent judgments*, and facilitates proof of other elements of the tort.'  [Citations.]" (*Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC, supra,* 225 Cal.App.4th at p. 673, italics added.)  These goals are best ensured by barring a complaint for malicious prosecution based on one or more favorably adjudicated, allegedly malicious claims—so long as the malicious prosecution plaintiff pursues other claims against the same party in the underlying action.

The present case illustrates another problem—one that is virtually certain to arise if a malicious prosecution plaintiff were able to sue an opposing party's attorney for malicious prosecution while the attorney continues to represent the opposing party in the underlying action.  The need to defend against Pasternack's malicious prosecution complaint put the McCullough defendants and Easton in the unfavorable position of appearing to have a conflict of interest—even if they honestly and reasonably believed they had probable cause to pursue Easton's collection claim.  Based solely on the appearance of having a conflict of interest with a client, many attorneys would conclude the best course of action is to substitute out of the case in favor of new counsel, even if

12

that means the client incurs substantial additional attorney fees and costs associated with hiring new counsel. If this occurs, it means the malicious prosecution plaintiff has obtained an unfair advantage over the opposing party—*even if the malicious prosecution claim lacks merit.* There is no good purpose to be served in allowing a malicious prosecution plaintiff to obtain such an advantage over an opposing party and its counsel. To prevent this from occurring, a malicious prosecution plaintiff should be required to simply wait until it obtains a favorable termination of the *entire* underlying action before it may maintain a suit for malicious prosecution against an opposing party or their counsel based on their prosecution of all or part of the underlying action.

The question remains whether Pasternack's complaint for malicious prosecution should have been dismissed or stayed, based on its prematurity. As Pasternack points out, when a malicious prosecution action is filed following the entry of a judgment in the underlying action but is rendered premature by the filing of an appeal in the underlying action, the proper remedy is to stay the now-premature malicious prosecution action, not dismiss it. (*Drummond, supra,* 176 Cal.App.4th at p. 458, citing *Feld v. Western Land & Development Co.* (1992) 2 Cal.App.4th 1328, 1335-1336.) As *Drummond* recognized, staying the malicious prosecution action rather than dismissing it, "is a sound approach" because it "spares the plaintiff the hazards of correctly calculating the [statute of limitations] tolling period . . . ." (*Drummond, supra,* at pp. 458-459.)

The present case is different, however. Pasternack's malicious prosecution complaint was not *rendered* premature by the filing of an appeal in the underlying action;

13

it was premature *when* it was filed and was still premature when all of the defendants' special motions to strike were heard. The proper remedy here, we believe, is to affirm the order dismissing Pasternack's malicious prosecution complaint against the McCullough defendants, the last remaining malicious prosecution defendants. For whatever reason, Pasternack chose not to wait until his malicious prosecution claim had accrued before filing and proceeding on his malicious prosecution complaint. He should bear the consequences of that decision, whatever they may be or have been. We express no opinion whether any complaint for malicious prosecution against the McCullough defendants would be time-barred.

## IV. DISPOSITION

The order granting the special motion to strike Pasternack's malicious prosecution complaint against the McCullough defendants and dismissing the complaint against the McCullough defendants is affirmed. The McCullough defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

CERTIFIED FOR PUBLICATION

KING _____
                                 J.

We concur:

McKINSTER _____
           Acting P. J.

MILLER _____
                 J.

14